UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, a national banking association,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOSWIL INC., a Michigan Corporation and JOSWIL WHOLESALE INC., a Michigan Corporation,<br>　　　　　　　　Defendants.<br>_____/ | Case No.: 21-11294<br><br>Paul D. Borman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ALTERNATE SERVICE (ECF No. 5)**

Plaintiff PNC Bank, National Association commenced the instant action on June 1, 2021.  (ECF No. 1).  On August 18, 2021, Plaintiff moved to serve Defendants by alternate means.  (ECF No. 5).

In its motion, Plaintiff explains it attempted to serve the Summons and Complaint for the current action on Defendants but was ultimately unsuccessful.  (*Id.* at PageID.34).  On June 7, 2021, Plaintiff attempted service by certified mail on Defendant Joswil Inc. by mailing a copy of the Summons and Complaint to 20575 15 Mile Road, Clinton Township, Michigan 48035, the location identified as the address of the resident agent on the Department of Licensing and Regulatory

Affairs ("LARA") website. On the same day, Plaintiff attempted service by certified mail on Defendant Joswil Wholesale Inc. by mailing a copy of the Summons and Complaint to 36535 Groesbeck, Clinton Township, Michigan 48035, the location identified as the address for the officers and directors of the corporation on LARA. (ECF No. 5-2, PageID.41; ECF No. 5-3, PageID.44). On July 29, 2021, the certified return receipt mailed to Defendant Joswil Wholesale Inc. was returned unexecuted with a USPS notation which stated "Unable to Forward." (ECF No. 5-4, PageID.46).

Plaintiff further attempted to effectuate service on July 21 and 22, 2021 by attempting personal service on Defendants' registered agent and only corporate officer, Joseph Kelley at the following addresses:

(1) 20575 15 Mile Road, Clinton Township, Michigan 48035, and

(2) 36535 Groesbeck Hwy, Clinton Township, Michigan 48035.

(ECF No. 5-4, PageID.59). Each of the separate personal service attempts were unsuccessful. (*Id.*). The individuals with whom the process server encountered were unfamiliar with either Defendants or Kelley, or were familiar with Kelley but unaware of his current whereabouts. (*Id.*). During the attempts, the process server spoke with one individual who indicated "he [himself] had searched for [Joseph Kelley] extensively as well ([for]failure to pay rent) but was unable to locate him." (*Id.*).

Further, on July 15, 2021, weeks after Plaintiff commenced the instant action, Defendants Joswil Inc. and Joswil Wholesale Inc were dissolved. (ECF No. 5, PageID.36; ECF No. 5-3, PageID.42, 44). Plaintiff now requests that the court order alternate service by way of publication consistent with Michigan Court Rule 2.106(D). (ECF No. 5, PageID.37).

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation must be served:

    (1) in a judicial district of the United States:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Under Michigan law, service on a private corporation can be made by:

    (1) serving a summons and a copy of the complaint on an officer or the resident agent;

    (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

    (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary or treasurer of a corporation that has ceased to do business by failing to keep up its

3

      organization by the appointment of officers or otherwise, or whose term of existence has expired;

  (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporate Division if

    (A) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

    (B) the corporation has failed to keep up its organization by the appointment of officers or other; or

    (C) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D).

The Michigan Court Rules permit alternate service where process cannot reasonably be made as provided by the rules. Mich. Ct. Rule 2.105(J)(1). Under Michigan law, "the court may by order permit a service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Nationstar Mortg. LLC v. B&M Acquisitions, LLC et al.*, 2018 WL 1918680, at *4 (E.D. Mich. Apr. 24, 2018). Such alternate service may only be ordered on "a showing that service of process cannot reasonably be made as provided" otherwise. *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 2011 WL 5599388, at *1 (E.D. Mich. Nov. 16, 2011). A plaintiff must attempt to serve a defendant "by *all* available traditional methods" before alternate methods are appropriate. *Elec. Workers Local 58 Pension Trust*

*Fund v. Rite Elec. Co.*, 2010 WL 4683883, at *1 (E.D. Mich. Nov. 10, 2010) (emphasis in original).

Plaintiff attempted to serve Defendants and Joseph Kelley, the identified resident agent, president, treasurer, secretary, and director of the Defendants, pursuant to both Federal Rule of Civil Procedure 4(h) and Michigan Court Rule 2.105(D). To date, all of Plaintiff's service attempts have been unsuccessful. Further, both defendant corporations are now dissolved.

The Court finds at this juncture Plaintiff has satisfied its requirement to attempt to serve Defendants in the required traditional methods and thus alternate service is appropriate. However, in an abundance of fairness, the Court will order that Plaintiff undertake additional methods "reasonably calculated to give the defendant[s] actual notice of the proceedings and an opportunity to be heard." *Nationstar Mortg. LLC*, 2018 WL 1918680 at *4.

Plaintiff's Motion for Alternate Service (ECF No. 5) is **GRANTED**. Plaintiff is **ORDERED** to effectuate service by publication in Clinton Township pursuant to Michigan Court Rule 2.106(D). Further, Plaintiff is **ORDERED** to (1) post the Summons and Complaint, as well as a copy of this Order, at Joswil, Inc., 20575 15 Mile Road, Clinton Township, Michigan 48035 and at Joswil Wholesale Inc., 36535 Groesbeck Hwy, Clinton Township, Michigan 48035; and (2) to mail a

5

summons and a copy of the complaint by registered mail to the Michigan Bureau of Commercial Services, Corporate Division.

These methods of service are reasonably calculated to provide Defendants with notice of the instant action and an opportunity to be heard. Following completion of the previously mentioned methods of service, Plaintiff is to electronically file copies of the respective Certificates of Service.

**IT IS SO ORDERED**.

Date: September 24, 2021            <u>s/Curtis Ivy, Jr.</u>
                                                         Curtis Ivy, Jr.
                                                         United States Magistrate Judge